IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:13-cv-000101

| | |
|---|---|
| **JAMES DEITZ,**<br>    Plaintiff,<br><br>vs.<br><br>**PDL RECOVERY GROUP, LLC;**<br>**and DOES 1 through 10, inclusive,**<br>    Defendant. | **COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff James Deitz (hereinafter "Plaintiff"), an individual consumer, against defendant PDL Recovery Group, LLC (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') and the North Carolina Fair Debt Collection Practices Act (hereinafter "NCFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367, § 1337 and § 1331. Venue in this District is proper pursuant to 28 U.S.C. §

1

1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, James Deitz is a consumer, a natural person allegedly obligated to pay any debt, residing in Forsyth County, in the state of North Carolina.

4. Defendant, PDL Recovery Group, LLC is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the state of New York. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff, including calls before 8 a.m., and after 9 p.m., which are inconvenient times, knowing that calls at those times would harass and/or annoy Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to June 28, 2012.

9. Upon information and belief, Defendant, during communications with Plaintiff, within one year prior to the filing of this complaint, threatened to sue Plaintiff's itself, when it cannot do so.

10. Upon information and belief, within one year prior to the filing of this complaint, Defendant, during communications with Plaintiff, did not state that Defendant was a debt collector, attempting to communicate a debt, and that any information obtained would be used for that purpose.

11. Upon information and belief, Defendant mislead Plaintiff, by demanding payment from Plaintiff in communications that were within the first thirty days from the first initial communication with Plaintiff without also stating that Plaintiff still had an opportunity to dispute and/or seek validation for the alleged debt; overshadowing Plaintiff's rights to dispute and/or seek validation for the alleged debt.

3

Case 1:13-cv-00101-JAB-JEP   Document 1   Filed 02/04/13   Page 3 of 8

12. Upon information and belief, within one year prior to the filing of this complaint, Defendant did not send Plaintiff proper statutory written notice within five (5) days and the possible seven (7) extra days of having initially spoken with Plaintiff.

13. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed, amongst other negative emotions.

14. Defendant's illegal abusive collection communications as more fully described above, but not limited to those, were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V.   FIRST CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

4

(c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(e) Defendants violated *§1692g(a)(1)* of the FDCPA by failing to send written notification to Plaintiff that is received within five days of the initial communication, with said notification including the amount of the alleged debt that the Defendants were attempting to collect; and

(f) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(g) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt both before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the

5

consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff James Deitz for actual damages, statutory damages, and costs and attorney fees.

## VI.   SECOND CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendant violated the North Carolina Fair Debt Collection Practices Act, N.C. Gen.Stat. § 58-70, et seq.

20. The Plaintiff is a 'person' as the term is defined by N.C. Gen. Stat. § 58-70-6(4).

21. The Defendant is a 'collection agency' as the term is defined by N.C. Gen. Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen. Stat. § 58-70-1.

22. Defendant's violations include, but are not limited to, the following:

6

(a) Defendant violated *§58-70-110* of the NCFDCPA by using fraudulent, deceptive or misleading representations to collect or attempt to collect a debt or obtain information concerning a consumer.

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff James Deitz for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff James Deitz respectfully requests that judgment be entered against defendant PDL Recovery Group, LLC for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff; and

B. Actual damages from Defendant pursuant to N.C. Gen.Stat. § 58-70-130(a) for the emotional distress suffered as a result of the intentional and/or negligent NCFDCPA violations, in an amount to be determined at trial and for Plaintiff; and

C. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(a); and

D. Statutory damages of $4000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b); and

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

F. For such other and further relief as the Court may deem just and proper.

DATED: February 4, 2013

RESPECTFULLY SUBMITTED,

By: /s/Christopher D. Lane
Christopher D. Lane (N.C. Bar # 20302)
**The Law Office of Christopher D. Lane**
3802 Clemmons Road, Suite A
Clemmons, NC 27012
Telephone: (336) 766-0229
Facsimile: (336) 766-9145
Email: cdllaw@juno.com
*Counsel for Plaintiff,*
*James Deitz*

## **DEMAND FOR JURY TRIAL**

Please take notice that plaintiff James Deitz demands trial by jury in this action.